IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANET FELDER,

                Case Number:

    Plaintiff,

vs.

BANK OF AMERICA CORPORATION,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JANET FELDER hereby sues the Defendant, BANK OF AMERICA CORPORATION, and states as follows:

### INTRODUCTION

1. This is an action against the Defendant for damages pursuant to the Age Discrimination In Employment Act of 1967, ("ADEA") as amended, 29 U.S.C. §§ 621 et seq.; and the Florida Civil Rights Act of 1992, Florida Statutes § 760.10.

### PARTIES

2. Plaintiff FELDER, is a resident of Pasco County Florida and is currently 67 years of age. At all times material hereto Plaintiff was an employee of Defendant as defined by the ADEA, and the Florida Civil Rights Act, Section 760.02.

3. Defendant, BANK OF AMERICA CORPORATION, is a Foreign for profit corporation that does business in Pasco County, Florida and is subject to the jurisdiction of this Court. Defendant's business and industry affects interstate

1

interstate commerce and Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 630(b) and § 760.02(7) Florida Statutes.

## JURISDICTION

4. This Court has jurisdiction over this matter pursuant to the ADEA, and under 28 U.S.C. § 1331 and 1343.

5. This Court has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the federal claims raised herein that they form a part of the same case and controversy under Article III of the United States Constitution. No reason exists for this Court to decline to exercise supplemental jurisdiction under subsection (c) of 28 U.S.C. § 1367.

6. On January 7, 2011, the United States Equal Employment Opportunity Commission ("EEOC") issued a Notice of Suit Rights (attached hereto as Exhibits "A"), based on Plaintiff's timely charge of discrimination based on age (attached hereto as Exhibit "B"). The discrimination charge attached as Exhibit B was dual-filed with Florida Commission Human Relations pursuant to agency work-share agreement. This complaint was filed within 90 days of FELDER's receipt of the Notice of Suit Rights.

7. Plaintiff has completed all conditions precedent to this action. The attached Charge of Discrimination was filed with EEOC and Florida Commission on Human Relations within 300 days of the commission of the unlawful employment

2

practices alleged herein. More than 180 days has elapsed since the filing of the charge and the Florida Commission on Human Relations has failed to conciliate or determine whether there is reasonable cause on Plaintiff's discrimination charges.

## VENUE

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), the ADEA, and the Florida Civil Rights Act, as the unlawful employment practices were committed in this district.

## FACTUAL ALLEGATIONS

9. FELDER was hired as a teller/coordinator by Defendant on or about January 7, 1991. During the course of her employment with Defendant, FELDER continued to perform her assigned job duties in a satisfactory manner.

10. Between 1991 and April of 2010 FELDER continued to work for Defendant as a senior teller, and FELDER received numerous awards and commendations for her job performance over the years.

11. In approximately February of 2010 FELDER's manager commented about her age and potential retirement date. Between February and April of 2010 FELDER was encouraged to review her potential retirement benefits, and was again questioned about her potential retirement based on her age. FELDER advised her managers she did not intend on retiring within the next several years.

12. Following the comments and inquiries into FELDER's potential retirement, FELDER was subjected to unwarranted disciplinary action in March and

April of 2010 and Defendant terminated FELDER's employment on or about April 20, 2010.

## COUNT I
## VIOLATION OF ADEA; AGE DISCRIMINATION

13. FELDER realleges paragraphs 1 through 12 as if fully set forth herein.

14. Defendant, BANK OF AMERICA CORPORATION, discriminated against FELDER on the basis of her age with respect to the terms, conditions and privileges of her employment, including the disciplinary action taken against FELDER in March and April of 2010. FELDER was also discharged from her employment on April 20, 2010 in violation of the ADEA Section 623(a)(1). The employment practices complained of herein were done with malice and were willful violations of Plaintiff's protected civil rights.

15. The effect of these unlawful employment practices by Defendant has been to deprive FELDER of equal employment opportunities and other terms, conditions, and privileges of her employment.

16. As a direct result of the discriminatory conduct of Defendant, FELDER has suffered loss of gainful employment, loss of earnings and income, as well as loss of employment benefits.

**WHEREFORE,** Plaintiff FELDER, respectfully requests this Court enter judgement against the Defendant and:

a. Direct the Defendant to make FELDER whole by providing her with appropriate lost earnings and employment benefits, including back pay with prejudgment interest, and front pay, in amounts to be proven at trial;

b. Direct the Defendant to pay liquidated damages in the amount equal to her actual damages pursuant to Section 626 of the ADEA for Defendant's willful violation of Plaintiff's rights under the ADEA;

c. Direct the Defendant to pay Plaintiff's reasonable costs and attorney's fees as permitted under the ADEA;

d. Grant such further relief as the Court deems necessary and proper.

Plaintiff demands a jury trial on all issues so triable.

## COUNT II
## VIOLATION OF FLORIDA STATUTES §760.10, AGE

17. FELDER realleges paragraphs 1 through 12 as if fully set forth herein.

18. Defendant, BANK OF AMERICA CORPORATION, discriminated against FELDER on the basis of her age with respect to the terms, conditions and privileges of her employment, including the disciplinary action taken against FELDER in March and April of 2010. FELDER was also discharged from her employment on April 20, 2010 in violation of § 760.10(1)(a) and (b), Florida Statutes. The employment practices complained of herein were unlawful and were done with malice and reckless indifference to FELDER's protected rights under the Florida Civil Rights Act of 1992.

19. The effect of these unlawful employment practices by Defendant has been to deprive FELDER of equal employment opportunities and other terms, conditions, and privileges of her employment.

20. As a direct result of the discriminatory conduct of Defendant, FELDER has suffered mental anguish, emotional harm, harm to her reputation, loss of gainful employment, and loss of employment earnings, income and benefits.

**WHEREFORE**, Plaintiff FELDER, respectfully requests this Court enter judgement against the Defendant and:

a. Direct the Defendant to make FELDER whole by providing her with appropriate lost earnings, wages, and benefits, with prejudgment interest, including back pay and front pay, in amounts to be proved at trial;

b. Direct the Defendant to make FELDER whole by providing her with compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience, and mental anguish in amounts to be proven at trial;

c. Direct the Defendant to pay punitive damages for the Defendant's unlawful and intentional employment practices;

d. Direct the Defendant to pay the reasonable costs and attorney's fees under Section 760.11 Florida Statutes, in connection with this action.

e. Grant such further relief as the Court deems necessary and proper. Plaintiff demands a jury trial on all issues so triable.

## DEMAND FOR JURY TRIAL

21. Plaintiff demands a trial by jury pursuant to Rule 38(b) and in accordance with Local Rule 1.06 for the U.S. District Court for the Middle District of Florida.

Dated this 5th day of April, 2011.

Steven E. Hovsepian, Esquire
Florida Bar No.: 091359
BARBAS, NUNEZ, SANDERS
 BUTLER & HOVSEPIAN
1802 W. Cleveland Street
Tampa, Florida 33606
Telephone: (813) 254-6575
Facsimile: (813) 254-4690
Attorneys for Plaintiff
shovsepian@barbaslaw.com